## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JUAN MITCHELL, *individually and on behalf of Jovan Mitchell, deceased*, </br></br> Plaintiff, </br></br> vs. </br></br> SAINT LOUIS COUNTY, *et al.*, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 4:23-cv-00223-MTS </br> ) </br> ) </br> ) </br> ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff and Defendant Doucette's Joint Motion for Leave for Plaintiff to File Second Amended Complaint, Doc. [31], and a review of the current operative Complaint, Doc. [8]. As discussed herein, the Court will grant the Motion and will require Plaintiff to file a Second Amended Complaint.

Among others, Plaintiff brings claims under 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). For that reason, the "first step" in any § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271; *accord Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that "the first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged" (quoting *Baker*, 443 U.S. at 140)); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) ("As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated.").

As this Court has explained elsewhere, when a plaintiff fails to explicitly cite the constitutional provision she alleges a defendant violated in each § 1983 count, it leaves it to the defendant or the court to fill in the gap. *See, e.g.*, *Rasnic v. City of St. Louis*, 4:22-cv-00843-MTS, 2023 WL 2585958, at *1–2 (E.D. Mo. Mar. 21, 2023). And it can be far from an easy task—especially when, as here, Plaintiff also incorporates *every* previous allegation into each and every count. *See Arch Energy, L.C. v. City of Brentwood*, 4:22-cv-00499-MTS, 2022 WL 4464758, at *2 & n.1 (E.D. Mo. Sept. 26, 2022) (explaining that when a complaint "incorporate[s] its multifarious other claims into another vague claim," it "becomes impossible to determine" what each claim asserts). By doing so, a plaintiff "shifts 'the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support'" onto the defendants and the Court. *Harper v. Ascension Health All.*, 4:17-cv-02495-ERW, 2017 WL 6407776, at *2 (E.D. Mo. Dec. 15, 2017) (quoting *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011)).

Therefore, besides the amendments Plaintiff intends to make regarding certain claims and allegations as to Defendant Doucette, Plaintiff's Second Amended Complaint shall ensure each count under § 1983 identifies the specific constitutional right allegedly infringed. Beyond those amendments, the Court also is granting Defendant leave to make amendments as to any claim and any party.[1] Consequently, the Court will deny, without prejudice, the pending Motions to Dismiss the First Amended Complaint. Defendants may reassert any and all arguments contained therein in response to the Second Amended Complaint.

Accordingly,

---

[1] Plaintiff's Second Amended Complaint also shall omit any claims Plaintiff has dismissed voluntarily up to this point, see, *e.g.*, Doc. [25] at 23, provided Plaintiff chooses not to reassert them.

**IT IS HEREBY ORDERED** that Plaintiff and Defendant Doucette's Joint Motion for Leave for Plaintiff to File Second Amended Complaint, Doc. [31], is **GRANTED** in that, consistent with this Memorandum and Order, Plaintiff is provided leave of Court to file a Second Amended Complaint no later than **Tuesday, July 11, 2023**.

**IT IS FURTHER ORDERED** that the pending Motions to Dismiss the First Amended Complaint, Doc. [4] and Doc. [17], are **DENIED without prejudice** as moot. All Defendants shall file any required response to Plaintiff's Second Amended Complaint no later than twenty-one (21) days after its filing.

Dated this 27th day of June 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE