**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JUAN MITCHELL, *individually and on behalf of Jovan Mitchell, deceased*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SAINT LOUIS COUNTY, *et al.*, | ) ) |
| Defendants. | ) ) |

Case No. 4:23-cv-00223-MTS

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Relief from Judgment in which Plaintiff seeks relief under Federal Rule of Civil Procedure 59(e). The relief Plaintiff seeks is not routine and should be sought sparingly and only in exceptional cases. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015) ("It is also true that Rules 59(e) and 60(b) provide extraordinary remedies reserved for the exceptional case." (internal quotations omitted)); *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 32 (1st Cir. 2014) ("Rule 59(e) is an extraordinary remedy, to be used sparingly."); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (calling a Rule 59(e) motion "an extraordinary remedy that should be applied sparingly"); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."); *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration under Rule 59(e) is an "extraordinary remedy, to be used

sparingly in the interests of finality and conservation of judicial resources" (citation and internal quotation omitted)).

Federal courts have noted the limited grounds upon which a Rule 59(e) motion may be granted: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (Lay, J., for the Court) (internal quotations omitted); *accord Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024); *City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir. 2022); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, Plaintiff argues the Court made manifest errors of law.

In granting Defendants' motions to dismiss this action, the Court thoroughly considered Plaintiff's opposition to those motions. On consideration of the briefing, and of the 261-paragraph Third Amended Complaint, the Court concluded Defendants' motions were well taken. Now, this time responding in opposition to the instant Motion, Defendants raised similar points and provided sound arguments, arguments like those the Court credited in their motions to dismiss. Having encountered opposing arguments once more, and after requesting the Court take the extraordinary measure of setting aside a final judgment—a judgment that the Court entered following extensive briefing on three distinct motions to dismiss the Third Amended Complaint—Plaintiff stands mute.

Despite his exceptional request, he chose not to file any reply to any of Defendants' memoranda in opposition to the Motion for Relief from Judgment.

* * *

"Everyone makes mistakes, and surely judges no less than lawyers." *Alejandre-Gallegos v. Holder*, 598 F. App'x 604, 605 (10th Cir. 2015) (Gorsuch, J., for the Court). But Plaintiff has not convinced the Court that it made manifest errors of law here. *See Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992) (explaining "[o]urs is an adversarial system" where a district judge "looks to the parties" and does not "play the 'proactive' role of a Continental European judge").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief from Judgment, Doc. [83], is **DENIED**.

Dated this 3rd day of July 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE