**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN MITCHELL, *individually and on behalf of Jo'von Mitchell, deceased*, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:23-cv-0223-MTS |
| SAINT LOUIS COUNTY, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before this Court is Defendant St. Louis County's ("Defendant" or "the County") Motion to Dismiss Counts II and VI of Plaintiff Juan Mitchell's ("Plaintiff") Amended Complaint. Doc. [104]. Defendant claims that neither Count II nor Count VI state a claim under Federal Rule of Civil Procedure 8, and that sovereign immunity precludes liability on Count VI. *Id.* at 2–4. Because the Eighth Circuit already ruled on Count II, this Court will deny Defendant's Motion on Count II. However, because sovereign immunity precludes liability on Count VI, or in the alternative because Count VI fails to state a claim upon which relief can be granted, this Court will grant Defendant's Motion on Count VI.

## I. Facts

For purposes of Defendant's Motion to Dismiss, the Court accepts all factual allegations in Plaintiff's Third Amended Complaint as true. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

Plaintiff is the brother of the late Jo'von Mitchell ("Decedent"), a pre-trial detainee at the Buzz Westfall Justice Center who died in St. Louis County custody on December 27, 2019. Doc. [36] ¶¶ 11, 12, 22, 125. The tragic events causing Decedent's death began on December 23, when

Decedent started suffering from a stroke. *Id.* ¶ 25. Despite Decedent showing symptoms of a stroke, including vomiting, difficulty standing and walking, dizziness, and hypersensitivity to noise and light, Justice Center staff refused to provide him with adequate medical care. *Id.* ¶¶ 26, 31, 34, 36, 39, 42, 56, 64. By 5:14 p.m. on Christmas Day, Decedent had become unresponsive, and staff tried to use the facility's suction equipment, rebreather, and oxygen tank to revive him. *Id.* ¶¶ 102, 112–13. However, the equipment "malfunctioned" because Justice Center staff had failed to periodically test it. *Id.* ¶¶ 112–14. By the time Decedent reached the hospital, doctors discovered a 3-centimeter mass of blood in his head. *Id.* ¶ 123. The condition was irreparable, and Decedent died on December 27. *Id.* ¶¶ 125–26.

Plaintiff brought this suit on February 23, 2023, against St. Louis County and several staff members at the Justice Center. Doc. [1] at 22–36. Plaintiff's Third Amended Complaint states several claims under state and federal law, including Failure to Train, Supervise, and Discipline under 42 U.S.C. § 1983 against the County ("Count II"), and state-law negligence against the County related to the malfunctioning equipment ("Count VI"). Doc. [36] ¶¶ 197–220, 250–56. On April 18, 2024, this Court dismissed all federal law claims for failure to state a claim under Federal Rule of Civil Procedure 8(a)(2), and with the federal claims gone, the Court declined to exercise supplemental jurisdiction over the state law claims. Doc. [81] at 15. Plaintiff appealed, and on December 4, 2025, the United States Court of Appeals for the Eighth Circuit reversed and remanded as to Count II, finding that Count II stated a claim under Rule 8. *Mitchell v. St. Louis County*, 160 F.4th 950, 964 (8th Cir. 2025). Additionally, with a federal claim resurrected, the Eighth Circuit ordered this Court to exercise supplemental jurisdiction over the state law claims. *Id.*

Defendant St. Louis County now moves to dismiss Counts II and VI on the grounds that they fail to state a claim under Rule 8. Doc. [104] at 2–4.

## II. Legal Standard

A. Law-of-the-Case Doctrine.

"[I]nferior tribunals are bound to honor the mandate of superior courts within a single judicial system." *United States v. Castellanos*, 608 F.3d 1010, 1016 (8th Cir. 2010) (quoting *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)). Therefore, when a U.S. circuit court of appeals remands a case to a district court, "all issues decided by the appellate court become the law of the case," and "a district court has no authority to re-examine [those] issue[s] . . . ." *Id.* (quoting *Bartsh*, 69 F.3d at 866; *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990)).

B. Sovereign Immunity

In Missouri, the doctrine of sovereign immunity shields municipalities from common law tort liability when the municipality performs certain "governmental," as opposed to "proprietary," functions. *Warren v. State*, 939 S.W.2d 950, 955 (Mo. Ct. App. 1997). In other words, a municipality can be liable in tort for a proprietary function, but not a governmental one. *Id.* A governmental function is a function "performed for the good of all," while a proprietary function is a function performed "for profit or for the special benefit of the municipality." *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009).

However, the Missouri legislature has created two blanket exceptions to sovereign immunity: the "motor vehicle" exception and the "dangerous condition" exception. Mo. Rev. Stat. § 537.600.1(1)–(2). If one of these exceptions applies, a municipality can be found liable in tort, even if the municipality was performing a governmental function. *Id.* § 537.600.2

C. Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), every complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This short and plain statement must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If a plaintiff fails to plead sufficient factual content, a defendant can move to dismiss for failure to state a claim under Rule 12(b)(6). When considering a Rule 12(b)(6) motion, the court assumes all a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke*, 490 U.S. at 326–27; *Martin*, 752 F.3d at 727. Even so, a court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## III. Discussion

A. Defendant St. Louis City's Motion to Dismiss Count II cannot be granted because it violates Law-of-the-Case Doctrine.

As previously stated, once a circuit court of appeals remands a case to a district court, the issues decided by the circuit court become the "law of the case." *Castellanos*, 608 F.3d at 1016 (quoting *Bartsh*, 69 F.3d at 866). Here, the Eighth Circuit ruled in *Mitchell v. St. Louis County* that Plaintiff's Count II states a claim under Rule 8(a)(2). 160 F.4th at 963–64. Therefore, Count II states a claim under Rule 8(a)(2). This Court cannot revisit what the Eighth Circuit has already decided.

Defendant, however, asks this Court to do exactly that. Despite acknowledging the existence of the Eighth Circuit ruling, see Doc. [105] at 2, Defendant nonetheless argues that Count II fails to state a claim under Rule 8, *id.* at 4–10. These arguments are nine months too late, and this Court will not entertain objections to the law of the case. Therefore, this Court will deny Defendant's Motion as to Count II.*

B. Defendant is entitled to Dismissal on Count VI because the doctrine of sovereign immunity precludes liability.

Defendant's Motion to Dismiss on Count VI, however, has merit. Defendant alleges two grounds for dismissal: (1) sovereign immunity and (2) failure to state a claim under Rule 8(a)(2). Doc. [105] at 10–12. A ruling in Defendant's favor on either ground is dispositive. *State ex rel. Sch. Dist. of Kan. City 33 v. Zhang*, 666 S.W.3d 170, 173 (Mo. Ct. App. 2023) ("Sovereign immunity is not a defense to suit but . . . immunity from tort liability altogether . . . .") (quoting *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 369 (Mo. banc 2016)); *Iqbal*, 556 U.S. at 678 ("*To survive a motion to dismiss*, a complaint must contain sufficient factual matter . . . .") (emphasis added). However, this Court finds that Defendant can succeed on either theory.

Regarding sovereign immunity, it is almost axiomatic that detaining individuals suspected of crimes before trial is a function "performed for the good of all." *Bennartz*, 300 S.W.3d at 259; *see Coleman v. City of Pagedale*, 4:06-cv-1376-ERW, 2008 WL 161897 at *9 (E.D. Mo. 2008) ("[T]he operation of [a] jail [is] not a proprietary function for the City . . . ."). Therefore, under Missouri

* Defendant also claims that sovereign immunity bars relief on Count II. Doc. [105] at 11–12. However, Count II is a federal claim under 42 U.S.C. § 1983, and precedent is clear that Eleventh Amendment sovereign immunity does not apply to municipalities. *Thomas v. St. Louis Bd. of Police Com'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) ("Eleventh Amendment immunity . . . does not extend to local governments."); *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166 (1993) ("[M]unicipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983."). Therefore, Defendant's argument on this point is wholly without merit.

law, operation of a jail is a governmental function, and sovereign immunity precludes Plaintiff's Count VI against the County unless one of the two blanket exceptions applies.

Plaintiff alleges that Count VI falls under the dangerous condition exception. Doc. [111] at 3. This exception has four elements, all of which are narrowly construed: "(1) a dangerous condition of a public entity's property at the time of the injury; (2) that the injury directly resulted from the dangerous condition; (3) that the dangerous condition created a foreseeable risk of harm of the kind that plaintiff incurred; and (4) either that a public employee's negligence or wrongful act or omission within the course of his employment created the dangerous condition or that the public entity had actual or constructive notice of the dangerous condition." *Warren*, 939 S.W.2d at 955; *see Hummel v. St. Charles City R-3 Sch. Dist.*, 114 S.W.3d 282, 284 (Mo. Ct. App. 2003) ("Sovereign immunity has existed by statute since 1977, with certain exceptions *that we construe narrowly.*") (emphasis added). "Property" includes both real and personal property. *Warren*, 939 S.W.2d at 955.

Here, Plaintiff cannot even clear the first element. Plaintiff alleges that the suction equipment, rebreather, and oxygen tank were in a "dangerous condition" because they "malfunctioned." Doc. [36] ¶¶ 112–13. However, under Missouri law, merely malfunctioning equipment is not in a dangerous condition. *See O'Dell v. City of Breckinridge*, 859 S.W.2d 166, 170 (Mo. Ct. App. 1993). For example, in *O'Dell*, the plaintiffs sued the City of Breckinridge over a city fire hydrant that malfunctioned during a house fire and failed to pump water. *Id.* at 167–68. The plaintiffs claimed that this allegation was sufficient to establish a dangerous condition, but the Missouri Court of Appeals disagreed, finding that "the [] petition does not allege a physical defect in the property[,] only that the hydrant 'malfunctioned.' This does not demonstrate the hydrants were defective as contemplated by the statute." *Id.* at 170.

Here, like in *O'Dell*, Plaintiff alleges that County personal property "malfunctioned." Doc. [36] ¶¶ 112–13; 859 S.W.2d at 167–68. However, as Defendant notes in its brief, Plaintiff fails to specify *how* the equipment malfunctioned. Doc. [105] at 11. Therefore, just like the plaintiffs in *O'Dell*, Plaintiff has not alleged a "physical defect" in the Justice Center equipment, only that it "malfunctioned." 859 S.W.2d at 170. Following the precedent of *O'Dell*, then, this Court cannot find that the malfunctioning medical equipment constituted a dangerous condition.

Since no categorical exception applies in this case, and the function at issue is governmental, the doctrine of sovereign immunity precludes suit against St. Louis County for common law negligence under Count VI.

C. In the alternative, Defendants are entitled to dismissal because Count VI fails to state a claim on which relief can be granted.

Even if sovereign immunity does not bar Plaintiff's Count VI, this Court must still dismiss the Count because Plaintiff fails to state a claim on which relief can be granted.

To state a claim under Rule 8, a plaintiff must plead facts, not conclusions, and these facts must establish that the claim is plausible on its face. *Twombly*, 550 U.S. at 555. Count VI is a state law negligence claim, and Missouri law requires every negligence claim to establish "but-for" causation. *Aaron v. Nat'l R.R. Passenger Corp.*, 163 F.4th 503, 511 (8th Cir. 2025) (citing *Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 562 (Mo. banc 2014)). In this case, where the injury alleged is death, it is not enough to plead that "defendant's negligence might or could have caused the decedent's death." *Id.* (internal quotations omitted) (quoting *Baker v. Guzon*, 950 S.W.2d 635, 646 (Mo. Ct. App. E.D. 1997)). Plaintiff must plead facts establishing that "the decedent would not have died but for the defendant's negligence." *Id.* (citing *Sanders v. Ahmed*, 364 S.W.3d 195, 209 (Mo. banc 2012)).

*Aaron* is a helpful illustration of this principle. In *Aaron*, an Amtrak passenger shot another Amtrak passenger five times, and the plaintiff alleged that Amtrak staff negligently failed to perform CPR on the shot passenger. 163 F.4th at 506–7. At trial, the plaintiff's expert testified that, had Amtrak employees performed CPR, the decedent would have had a 14% chance of surviving. *Id.* at 511–12. This showing was not sufficient, and the Eighth Circuit ruled that Amtrak was entitled to Judgment as a Matter of Law. *Id.* at 512.

Here, Plaintiff alleges that, as Decedent was suffering from a stroke, the infirmary's suction equipment "malfunctioned," and the rebreather/oxygen tank equipment either failed or was empty because Justice Center staff failed to periodically test it. Doc. [36] ¶¶ 112–14. Defendant rightly argues that these allegations lack specificity as to how the equipment malfunctioned and for how long. Doc. [105] at 11. However, at a more fundamental level, Plaintiff's allegations fail because Plaintiff does not plead facts showing that, had the equipment worked properly, Decedent would have survived.

According to Plaintiff's own Complaint, at 5:14 p.m. on December 25, the time prison staff tried and failed to use the malfunctioning equipment, Decedent had already been suffering from an untreated stroke for two days. Doc. [36] ¶¶ 25, 58, 102. When Decedent reached the hospital around 7:00 p.m., doctors discovered a three-centimeter mass of blood in his head, which ultimately killed him two days later. *Id.* ¶¶ 123, 125–26. Plaintiff's very framing of the facts begs the question: even if the medical equipment worked, would that have even made a difference? Was Decedent already too far gone by the time Justice Center staff tried the equipment? If the answer is yes, then Plaintiff cannot establish but for causation.

Plaintiff's Third Amended Complaint claims that the malfunctioning medical equipment "directly and/or proximately caused" Decedent's death, but that is the exact kind of conclusory

allegation that this Court must disregard under Rule 8. *See Glick*, 944 F.3d at 717. And while the Court must make all reasonable inferences in Plaintiff's favor at this stage, see *Martin*, 752 F.3d at 727, this Court cannot assume Plaintiff's entire case for him. Besides a single, conclusory allegation, there are no discrete facts in Plaintiff's Third Amended Complaint plausibly showing but-for causation.

Indeed, the facts of this case resemble *Aaron* in many respects. Like in *Aaron*, Plaintiff alleges wrongful death from failure to properly care for an injured Decedent. Doc. [36] ¶¶ 250–56; 163 F.4th at 507. However, like in *Aaron*, Plaintiff has not shown (or, at this stage, has not pleaded facts showing) that proper care would have made a difference in saving Decedent's life. 163 F.4th at 511–12.

Moreover, nowhere in Plaintiff's Memorandum in Opposition to the Motion to Dismiss, Doc. [111], does Plaintiff even engage with Defendant's argument on this point. *See Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023) ("Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments.") (quoting *Little v. United States*, 4:21-cv-1309-JAR, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022)) (internal quotations omitted). Plaintiff spends several pages thoroughly engaging with Defendant's sovereign immunity arguments, but the entire sovereign immunity question is moot if Plaintiff cannot even state a claim. Doc. [111] at 3–5. Therefore, under Rules 8(a) and 12(b)(6), this Court must dismiss Count VI.

## IV. Conclusion

This Court cannot consider Defendant's Motion to Dismiss Count II under the Law of the Case Doctrine. However, this Court can and does consider Defendant's Motion to Dismiss Count

VI and finds that sovereign immunity precludes liability on Count VI. In the alternative, Count VI fails to state a claim on which relief can be granted under Rule 8.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County's Motion to Dismiss, Doc. [104], is **GRANTED** in part and **DENIED** in part, and Count VI is hereby **DISMISSED** as to Defendant St. Louis County.

Dated this 29th day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE